IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANCE RINCK, | |
| **Plaintiff,** | |
| v. | Case No. 2:25-CV-02010-JAR-BGS |
| SEAN DUFFY, SECRETARY, DEPARTMENT OF TRANSPORTATION (FEDERAL AVIATION ADMINISTRATION), | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Plaintiff Lance Rinck filed a First Amended Complaint asserting claims under the

Rehabilitation Act and the Age Discrimination and Employment Act ("ADEA") against

Defendant Sean Duffy, Secretary, Department of Transportation.  This matter is before the Court

on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 14).  The motion is fully

briefed, and the Court is prepared to rule.  For the reasons stated below, the Court grants

Defendant's motion to dismiss both of Plaintiff's claims for failure to initiate contact with an

Equal Employment Opportunity counselor within the requisite 45 days.

## I.      Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must

contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2]

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard

does not require a showing of probability that "a defendant has acted unlawfully," but requires

more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of

the elements of a cause of action' will not suffice; a plaintiff must offer specific factual

allegations to support each claim."[5]  Finally, the court must accept the nonmoving party's factual

allegations as true and may not dismiss on the ground that it appears unlikely the allegations can

be proven.[6]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of

a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but

is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7]  Thus, the

court must first determine if the allegations are factual and entitled to an assumption of truth or

merely legal conclusions that are not entitled to an assumption of truth.[8]  Second, the court must

determine whether the factual allegations, when assumed true, "plausibly give rise to an

entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[10]

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

[9] *Id*. at 679.

[10] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss under Rule 12(b)(6), the court generally "may not look beyond the four corners of the complaint."[11] However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[12]  Otherwise, to consider a matter outside the pleadings, the court must convert the motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 56.[13]  At the motion to dismiss stage, the court cannot properly consider extrinsic evidence that isn't central to a plaintiff's claim. This is the rule, even if the extrinsic evidence is central to the defendant's "theories of defense."

Here, the Court declines to consider the exhibit (Doc. 17-1) attached to Plaintiff's opposition brief because it would not be helpful in deciding the motion to dismiss.[14]  Nor will the Court consider documents attached to Defendant's motion to dismiss except for those documents Plaintiff refers to in his complaint, and documents that are central to Plaintiff's claims and the parties do not dispute their authenticity.[15]  As such, the Court will consider Plaintiff's complaint in his June 6, 2023 administrative action (Doc. 15-4) and Plaintiff's July 18, 2024 request for

---

[11] *Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017) (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1097 n.3 (D. Kan. 2007)).

[12] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[13] *Id.*

[14] *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings.").

[15] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

reconsideration (Doc. 15-8), since neither document is disputed in authenticity, and both are referenced in Plaintiff's amended complaint, and are central to Plaintiff's retaliation claim.[16]

## II.    Factual and Procedural Background

The following facts are either alleged in Plaintiff's First Amended Complaint or contained in exhibits 15-4 and 15-8.[17]  For the purpose of deciding this motion, the Court assumes these facts to be true and draws all reasonable inferences in Plaintiff's favor.

Plaintiff Lance Rinck is an employee of the Department of Transportation, specifically the Federal Aviation Administration ("FAA"), in Olathe, Kansas.  Defendant Sean Duffy is the Secretary of the Department of Transportation, which oversees the FAA.

Plaintiff is an Air Traffic Controller ("ATC") who has worked for the FAA for over 33 years.  Plaintiff has spent around 25 years of his tenure at the Olathe, Kansas facility, where he has held a variety of roles, including, at least 100 hours as Controller in Charge, in the Quality Control Office, training other controllers, and as an On-the-Job-Training Instructor for over 30 years.  Plaintiff's various roles are accompanied by positive performance reviews and a lack of disciplinary actions.

In 2021, Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Department of Transportation, alleging that the department's mandatory mask mandate amounted to disability discrimination due to Plaintiff's claustrophobia.  Plaintiff's complaint for failure to accommodate his claustrophobia named David Downum, Plaintiff's supervisor and Air Traffic Facility Manager,

---

[16] *Id.*

[17] Doc. 12.

as the responsible management official.  In October 2022, the EEOC granted summary judgment

against Plaintiff.

In or around October 2022, Plaintiff applied for a supervisory air traffic control position,

which brought along with it a 15% pay increase.  Plaintiff was qualified for the promotion.

Plaintiff was not aware of how the selection process operated.

In early January 2023, Plaintiff first learned he had not been promoted.  On January 17,

2023, Plaintiff emailed Downum, asking why he never received an interview:

> "Hi David
> I bid on this last supervisory opening. Rumors started going around that they had made
> the selections already. I never got notified for an interview. I don't see any way that I
> wouldn't qualify for an interview. I know this is handled outside of the building but do
> you have a contact that can give me an explanation?
> Thanks Lance Rinck"[18]

At the time of Plaintiff's email, he did not know whether Downum participated in the

selection process.  Soon thereafter, Downum responded to Plaintiff and provided him with an

email address that he suggested Plaintiff contact for further information about his non-selection.

Plaintiff immediately contacted that email address, and an individual named Kristen Tedder

replied, stating that she would provide information later.  Tedder responded to Plaintiff about six

weeks later.

On February 9, 2023, Plaintiff first learned that the selectees for the position were

younger than him and had less experience at the FAA than him.  Prior to this date, Plaintiff had

minimal knowledge of who had been interviewed for this position.  At this point, Plaintiff

developed suspicion that age played a role in his non-selection.

---

[18] *See* Doc. 12; Doc. 15-8.

On March 20, 2023, Plaintiff first contacted an EEOC counselor to discuss the circumstances surrounding his non-selection for the ATC promotion. At the time of his initial contact with the EEOC, Plaintiff was still unaware whether Downum participated in the selection process for this position.

In April 2023, Tedder got back to Plaintiff. She informed Plaintiff for the first time that Downum had participated in the hiring process for this position and that Downum's recommendation was that Plaintiff needed further development before a promotion of this type. Also in April 2023, the FAA opened another supervisory bid opportunity to which Plaintiff also applied.

In May 2023, Plaintiff and the FAA engaged in mediation to discuss his allegation of discrimination regarding his non-selection for the October 2022 position. During mediation, the FAA reaffirmed its position that Plaintiff required additional development, and the FAA representative at the mediation encouraged Plaintiff to discuss with Downum what this additional development looked like. Plaintiff emailed Downum in May 2023. Downum encouraged Plaintiff to talk with his Operations Manager, who in turn informed Plaintiff that the consensus of the management team was that Plaintiff would not be a good fit for FAA management at this time.

On January 8, 2025, Plaintiff initiated the present action. On July 16, 2025, Plaintiff filed his First Amended Complaint asserting claims under the Rehabilitation Act and ADEA.

III.    **Discussion**

Defendant asks this Court to dismiss Plaintiff's claims on several grounds. First, Defendant asks this Court to dismiss Plaintiff's claims for failure to initiate contact with the EEOC within the requisite 45 days. Second, Defendant asks the Court to dismiss Plaintiff's

claim under the Rehabilitation Act for failure to contain well-pleaded facts demonstrating (a) a

causal connection between Plaintiff's administrative complaint and his non-promotion, and (b) a

protected activity involving a disability.  Third, Defendant asks the Court to dismiss Plaintiff's

ADEA claim for failure to allege non-conclusory facts demonstrating but-for causation.  Fourth,

and finally, Defendant moves in the alternative for summary judgment.  As discussed below, the

Court finds Plaintiff failed to initiate contact with the EEOC within the requisite 45 days; as

such, the Court need not address the merits of Defendant's alternative grounds for dismissal.

### A. Filing Requirements

To assert a civil action under the ADEA or the Rehabilitation Act, federal employees

"must comply with specific administrative complaint procedures in order to exhaust their

administrative remedies."[19]  This administrative procedure requires federal employees to

"'initiate contact' with an Equal Employment Opportunity counselor at [their] agency 'within 45

days of the date of the matter alleged to be discriminatory'" prior to suing for employment

discrimination or retaliation.[20]  Although failure to exhaust administrative remedies "does not bar

a federal court from assuming jurisdiction over a claim," courts "must enforce this exhaustion

requirement if the employer properly raises it" as an affirmative defense.[21]

Additionally, unlike under the Rehabilitation Act, a federal employee seeking to assert an

age discrimination claim has the option to proceed via the EEOC's administrative process *or*

---

[19] *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (quoting *Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007)); *see also Lagerstrom v. Mineta*, No. CIV. A. 04-2517-KHV, 2005 WL 1801607, at *1 (D. Kan. July 29, 2005) ("[T]he 45–day time limit is a condition precedent to filing suit which functions like a statute of limitations and is subject to waiver, estoppel and equitable tolling.").

[20] *Green v. Brennan*, 578 U.S. 547, 549–50 (2016) (quoting 29 CFR § 1614.105(a)(1)); *see also Hickey*, 969 F.3d at 1124 (affirming dismissal of plaintiff's Title VII claims for "fail[ure] to initiate contact with an EEO counselor within forty-five days" of the discrete action of alleged discrimination).

[21] *Hickey*, 969 F.3d at 1118 (quoting *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018)).

"present the merits of his claim to a federal court in the first instance" by suing under the

ADEA.[22]  In order to pursue an ADEA claim via this alternative route, an employee must give

the EEOC notice of intent to sue within 180 days of the alleged discriminatory act and then wait

30 days prior to filing the action.[23]  Here, there is no indication that Plaintiff has attempted to

pursue his ADEA claim in federal court in the first instance.[24]  Accordingly, for both claims, the

Court turns to whether Plaintiff contacted his EEO counselor within the 45-day deadline, and if

he hasn't, should that deadline be tolled.

The Court must first determine when Plaintiff's claim accrued, which turns on when he

first knew of the adverse action.  Plaintiff first learned the interviewees were younger than him

on February 9, 2023, making the 45-day deadline March 26, 2023.  Defendant counters that

Plaintiff knew of his non-selection by at least January 17, 2023, the date he emailed Downum,

making his 45-day deadline March 3, 2023.  Plaintiff first contacted the EEOC on March 20,

2023.

As an initial matter, the Tenth Circuit has explained that "the fact that a plaintiff may not

have discovered the alleged discriminatory motive for an adverse employment action until later

does not extend the 45-day period in which to contact an EEOC counselor" because the "45-day

period begins to run when the plaintiff learns of the adverse employment action and so is on

notice to inquire whether the motive was discriminatory."[25]  Here, assuming every fact alleged

by Plaintiff true, Plaintiff cannot escape his own admission that he first learned of his non-

---

[22] *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5–6 (1991).

[23] *See Laber v. United States Dep't of Def.*, No. 18-1351-JWB, 2020 WL 5573061, at *4, n.9 (D. Kan. Sept. 17, 2020) (citing *Jones v. Runyon*, 32 F.3d 1454, 1455 (10th Cir. 1994)).

[24] *See id.*

[25] *Smith v. E.E.O.C.*, 180 F. App'x 14, 20 (10th Cir. 2006).

selection by at least January 17, 2023.  On January 17, 2023, Plaintiff emailed Downum recognizing his non-selection: "[r]umors started going around that they had made the selections already. I never got notified for an interview. I don't see any way that I wouldn't qualify for an interview."[26]  Thus, the Court finds that Defendant meets its burden of showing Plaintiff's claims accrued by January 17, 2023, at the latest.  In his opposition to Defendant's motion to dismiss, Plaintiff states that he "initiated the [EEOC] process on March 20, 2023.  Because Plaintiff admittedly did not contact an EEO counselor until March 20, 2023, he did not timely contact the EEOC.

**B.  Tolling**

Plaintiff argues that even if the Court finds he did not timely contact the EEOC within 45 days, the Court should apply equitable tolling.  Equitable tolling is appropriate when "an individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or other reasons considered sufficient by the agency or the EEOC."[27]  Plaintiff bears the burden of establishing a factual basis for tolling the deadline.[28]

Plaintiff asserts that his deadline should be tolled due to Downum's failure to correct Plaintiff's assumption that Downum played no role in the selection process.  However, even deeming the facts Plaintiff asserts to be true, Downum's failure to correct Plaintiff is not the kind

---

[26] *See* Doc. 12.

[27] *Lagerstrom v. Mineta*, No. CIV. A. 04-2517-KHV, 2005 WL 1801607, at *1 (D. Kan. July 29, 2005).

[28] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("[W]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

of "active deception" tolling requires.[29]  Rather, the type of active deception courts find justify

equitable tolling involve deception as to a plaintiff's right to bring a claim[30], deceptive

distinguishing between being "fired" and "laid off,"[31] misrepresentations as to procedural

requirements[32], and misrepresentations that the clock stopped due to a plaintiff's search for

counsel.[33]

Also, Plaintiff pleaded that he only pursued these claims after he had reason to suspect

age discrimination and only pursued a claim when he knew he had a basis to do so.[34]  This

argument belies active deception as to whether Plaintiff was misled about his ability to file a

claim or whether he had been selected for a promotion.  In fact, Plaintiff never posits that

Downum misled him as to the procedural prerequisites, nor whether he was selected for an

interview.  Plaintiff merely asserts that because Downum did not make Plaintiff aware of his

position in the selection process, Plaintiff should also be excluded from the procedural

requirements he failed to adhere to.  This is not the standard.[35]  Nor does this argument fit within

the narrow range of, and sparingly applied, conditions the Tenth Circuit has found justify

---

[29] *See Thompson v. Wilkie*, No. 18-4046-SAC-KGS, 2018 WL 5281609, at *3 (D. Kan. Oct. 24, 2018) ("[E]quitable tolling may be appropriate where a plaintiff has been lulled into inaction by her employer's deliberate design or actions that the employer should unmistakably have understood would cause the employee to delay filing a charge.") (quoting *Al-Ali v. Salt Lake Comm. Coll.*, 269 F. App'x. 842, 847 (10th Cir. 2008)).

[30] *Richardson v. Frank*, 975 F.2d 1433, 1435 (10th Cir. 1991) (involving a misrepresentation by an employer that the plaintiff had no right to appeal in the event of termination).

[31] *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421, 1422, 1427 (10th Cir. 1984) (involving an employer's misrepresentation that no adverse action had occurred because the plaintiff was "laid off" rather than "fired").

[32] *Martinez v. Orr*, 738 F.2d 1107, 1109, 1111–12 (10th Cir. 1984) (involving a misrepresentation that the right to sue and the right to request reopening of an EEOC decision are distinct, independent rights, and that an election to pursue only the latter completely waives the former).

[33] *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983) (involving a misrepresentation from a court clerk that time to file stopped while the plaintiff searched for counsel).

[34] *See* Doc. 12; *see* Doc. 17 at 8–10.

[35] *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 260 (10th Cir. 1994) ("[A] Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements.").

equitable tolling.[36]  As such, relying on the facts at hand, assumed as true, Plaintiff has failed to

establish that he is entitled to equitable tolling of his 45-day deadline.  Accordingly, Defendant's

motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to

Dismiss (Doc. 14) is **granted**.

**IT IS SO ORDERED.**

Dated: September 26, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[36] *See, e.g.*, *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018); *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir. 2003).